Reese, J.
delivered the opinion of the court.
The indictment against the prisoner and others contained two counts: the first charged them with feloniously stealing a log-chain;’ the second, with having received it knowing it to have been stolen. The prisoner was convicted on the second count. ■ That count sets forth, that the prisoner and the others,, “on the 1st day of Sept. &c. in the' county of Grainger, &c. one log chain of the value of $5, of the goods and chattels of one William T. Tate, by a’certain evil disposed person to the jurors unknown, then lately before feloniously stolen, taken and carried away, of the said evil disposed person, feloniously did receive and have,” “they, &c. well knowing the same to have been feloniously stolen, taken and carried away.” The 26th sec. of the criminal code provides, that “any person who shall fraudulently receive or buy any goods not exceeding $10 in value, that shall have been feloniously stolen or taken from another, knowing them to be stolen, with intent to defraud the true owner thereof, shall undergo confinement,” &c. It will be perceived, that the words, “feloniously did receive,” are substituted for the words “fraudulently did receive,” and that the *69 latter words, “with intent to deprive the true owner thereof,” are altogether omitted. Is this a good indictment under the statute? Certainly not. It was early held, with regard to this section of the statute, in the case of Wright against The State, 5 Yer. 150, that the words omitted in this indictment are the most material in the statute; for the court in that case say; “the only enquiries under this act are, whether the accused received the goods, knowing them to have been stolen, having at the same time a fraudulent intent to deprive the owner of them.” (See also the case of Fergus vs. The State, 6 Yerger.) But it is alledged in argument on behalf of the State, that this court, in the case of Peek vs. The State, (2 Hum.) held that the indictment, to be good under the statute, need not pursue the very words, but that substituted words of equivalent or more extensive signification would do; and this efficiency is claimed in the present case for the word “feloniously,” as predicated of the reception of the goods. The statute uses the words “fraudulently received,” &c.; and “feloniously received,” according to the case referred to, may well be substituted for them, being of more extensive signification. But will the word “feloniously” not only supply the omission of the word “fraudulently,” but the entire and important clause, “with intent to deprive the true owner thereof”? Potent as the words may be in bills of indictment, we are of opinion that it cannot achieve so much. This then is not a good indictment under the statute. But is it good by virtue of the 72d sec. of the act, which declares indictments framed under the common law form good and valid to sustain a conviction under the statute? We think not. The common law form contains the words, “of the said evil disposed person, unlawfully, unjustly, and for the sake of wicked gain,” &c. “did receive,” &c. The words in the common law form, “for the sake of wicked gain,” are used instead of the words, “with intent to deprive-the true owner thereof.”. See 3 Chit. Crim. Law, 989. So that this is not a good indictment, either under the statute, or at common law.
The judgment will be affirmed, and the prisoner remanded to the Circuit Court for further proceedings.